IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION C. WOLFE, JR.,

       Plaintiff,                    No. CIV S-05-2638 GEB DAD P

     vs.

RODERICK HICKMAN, et al.,

       Defendants.          <u>ORDER</u>

_____/

       When plaintiff commenced this action, he was a state prisoner confined at California State Prison-Solano. In a notice of change of address filed in this case on March 28, 2006, plaintiff provided an address in Sacramento that appears to be a private residence. On May 9, 2006, the Clerk received plaintiff's notice of change of address to a different residence in Sacramento. The latter notice was captioned for filing in another case, but the Clerk has updated plaintiff's address in this case as well. Plaintiff is cautioned that he must file a proper notice of change of address in each of his pending cases.

       Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

/////

1

Plaintiff's in forma pauperis application has been submitted on the form that is to be used only in habeas proceedings in this court. The form does not authorize withdrawal of money from a prisoner's trust account to pay the filing fee. However, since it appears that plaintiff is no longer incarcerated, such authorization is moot. Plaintiff's application to proceed in forma pauperis as a prisoner will be denied, and plaintiff will be required to complete the in forma pauperis application form to be used by a person who is not incarcerated.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Pursuant to the screening requirement, the court must dismiss claims that are legally frivolous or malicious, those that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Similarly, when a plaintiff seeks leave to proceed in forma pauperis, the court is required to dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss claims as frivolous where they are based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289,

1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court will accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  In general, the court will also construe the pleading in the light most favorable to the plaintiff and resolve doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

In the complaint before the court, plaintiff alleges that the primary defendant is Roderick Hickman, Secretary for the California Department of Corrections and Rehabilitation

(CDCR), and that the remaining defendants are Jeanne S. Woodford, Assistant Secretary for the CDCR; Mike Knowles, Warden of Folsom State Prison (FSP); J. Mineau, Correctional Sergeant at FSP; Tom L. Carey, Warden of California State Prison-Solano (CSP-Solano); T. Shelly, Associate Warden at CSP-Solano; S. Cervantes, Appeals Coordinator at CSP-Solano; R. Samm, Correctional Lieutenant at CSP-Solano; A. Allen, Mailroom Supervisor at CSP-Solano; Mary Podojil, Mailroom Processor at CSP-Solano; Jahmeela Zeigler, Mailroom Processor at CSP-Solano; and Rita Nunes, Mailroom Processor at CSP-Solano. Plaintiff alleges that the conduct of all defendants "equates to a practice of continued, and intentional impediments to hinder plaintiff's uninterrupted access to the State, and Federal Courts, in pursuit of his Non-Frivolous causes of actions." (Compl. at 5 of 12.[1])

Plaintiff alleges that FSP defendants Knowles and Mineau have retained legal files confiscated from plaintiff because they exceeded six cubic feet, that he needs access to the files in order to litigate pending claims and appeals, and that defendants' retention of the files at FSP after plaintiff was transferred to CSP-Solano on May 5, 2005, has impeded his access to various courts and deprived plaintiff of rights under the First, Fifth, and Fourteenth Amendments. Plaintiff concedes that these two defendants hold management positions, but he argues that both of them are responsible for the alleged constitutional violations because they have failed to adequately train, supervise, and correct staff employed in FSP receiving and release and because defendant Mineau granted plaintiff's inmate appeal but failed to follow up on the matter. Plaintiff believes that these defendants' conduct is retaliatory, deliberately indifferent, and grossly negligent.

Plaintiff alleges that CSP-Solano defendants Allen, Podojil, Zeigler, and Nunes have impaired plaintiff's rights under the First and Fourteenth Amendments by denying him the postage required for effective access to the courts, thereby obstructing the filing and service of

---

[1] Throughout his complaint, plaintiff cites exhibits. No exhibits were attached to the complaint or filed separately.

documents and causing the dismissal of plaintiff's small claims action. Plaintiff further alleges that the four mail room employees return legal mail to him even when it is properly addressed to legal entities in connection with bona fide civil actions.

Plaintiff alleges that CDCR defendants Hickman and Woodford are sued as "respondeat superiors" of CSP-Solano defendants Carey, Shelley, Cervantes, Samm, and Allen, who in turn are sued for their personal participation in denying plaintiff's First Amendment right of access to the courts when they implemented procedures intended to impede prisoners' access to the courts and refused to direct staff to mail all of plaintiff's legal mail while he is indigent. Plaintiff asserts that all seven defendants were responsible for training, supervising, and taking corrective measures to protect prisoners' access to the courts but failed to prevent constitutional violations by the other defendants and actually endorsed the violations. Plaintiff admits that defendant Hickman issued a memorandum concerning the relevant regulations in 2004 but argues that the memorandum was ambiguous and failed to correct the problem.

Plaintiff seeks (1) the injunction requested in an accompanying motion for temporary restraining order and/or preliminary injunction, (2) an order requiring defendants Woodford, Knowles, and Mineau to locate and return plaintiff's four boxes of legal files or, alternatively, to obtain and provide plaintiff with copies of approximately 4,500 pages of legal documents from various courts, (3) appointment of a special master to review CSP-Solano mailroom procedures and monitor the processing of mail, (4) a means for other prisoners to join this case, (5) leave to amend after exhausting more claims, (6) jury trial, (7) an order prohibiting retaliation against plaintiff for filing this action, (8) court fees and costs, (9) (10) (11) declaratory judgments concerning defendants' violations of plaintiff's First and Fourteenth Amendment rights, (12) monitoring of CSP-Solano policies regarding indigent legal mail, (13) nominal, compensatory, and punitive damages from all defendants, and (14) any other relief necessary to correct future violations of the same nature at any state prison in California. In his motion for
/////

temporary restraining order and/or preliminary injunction, plaintiff seeks return of his four boxes of property and a guarantee that all legal mail will be mailed when he is indigent.

Although the right of access to the courts is well established, the Supreme Court has cautioned that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). There is no constitutional requirement that state officials enable prisoners to litigate effectively once in court. Id. at 354. An inmate who alleges interference with his right of access to the courts must support the claim with an allegation of actual injury. Lewis, 518 U.S. at 349; Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994). "Actual injury" means a "specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis v. Casey, 518 U.S. at 354. The constitutional right of access to the courts is impaired only when a prisoner's frustrated claim involves (1) his direct appeal from the criminal conviction for which he is incarcerated, (2) a habeas petition, or (3) a civil rights action vindicating basic constitutional rights. Id. The Constitution does not guarantee inmates "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims" and requires only that prison officials provide prisoners with the tools they need "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Id. at 355.

The allegations of plaintiff's complaint do not include an allegation of actual injury to plaintiff's litigation of a direct appeal or a habeas petition. Nor has plaintiff alleged a specific instance when he was unable to file a civil rights action. The mere dismissal of a small claims case that plaintiff successfully filed does not demonstrate an actual injury to the right of access to the courts guaranteed by the United States Constitution. Plaintiff's conclusory

allegations about denial of postage are not supported by an instance in which he was prevented from filing a direct appeal, a habeas petition, or a civil rights case. Plaintiff's mere references to retaliation are so vague that the court declines to consider them.

Plaintiff's complaint must be dismissed because it fails to state a claim against any defendant. While it does not appear that plaintiff can cure the defects of his complaint, the court will dismiss the complaint with leave to amend. If plaintiff files an amended complaint, he must sue only the defendants that can be linked to a federal constitutional violation. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is an affirmative link or connection between each defendant's conduct and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations will not suffice. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief usually become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). In amending his complaint, plaintiff should omit requests for declaratory and injunctive relief that have been rendered moot by his release from prison.

Plaintiff is also cautioned that his amended complaint must not allege any claims that duplicate claims alleged in prior cases that are still open. The court's records reveal that plaintiff is proceeding on similar claims in an earlier action against some of the same defendants sued in this action.[2] In addition, prior to commencing this action and filing a motion for temporary restraining order, plaintiff filed a virtually identical motion for temporary restraining order in that same prior action. In Wolfe v. Alameida, et al., case No. CIV S-03-2574 LKK GGH

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

7

1  P, plaintiff's second amended complaint names sixteen defendants, including Jeanne Woodford
2  and Mike Knowles.  Plaintiff's claims include "violations of his rights under the Fourth, Fifth,
3  Eighth and Fourteenth Amendments, claiming defendants, inter alia, . . . denied him access to the
4  courts, and retaliated against him for filing grievances."  Order filed in case No. CIV S-03-2574
5  on September 7, 2006, at 1-2.³  Plaintiff's motion for a temporary restraining order, which
6  concerns four boxes of legal materials retained at FSP and the mailing of plaintiff's legal mail,
7  was considered and denied in case No. CIV S-03-2574 on September 6, 2006.  Id. at 4-5.  The
8  duplicative motion in this later filed action will be denied as moot.

9         Plaintiff is advised that his amended complaint must be complete in itself without
10 reference to the original complaint filed in this case.  See Local Rule 15-220.  An amended
11 complaint will supersede the prior pleading.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).
12 In the amended complaint, as if it were the first complaint filed in this action, plaintiff must
13 allege each claim and the involvement of each defendant as described in this order.

14         Plaintiff is cautioned that the prisoner mailbox rule does not apply to documents
15 filed by non-prisoners.  Thus, all documents submitted for filing by a non-prisoner must be
16 received for filing by the Clerk of the Court on or before the due date.

17         Accordingly, IT IS HEREBY ORDERED that:

18         1. Plaintiff's December 29, 2005 application to proceed in forma pauperis is
19 denied;

20         2. Plaintiff is granted thirty days from the date of this order to file a properly
21 completed in forma pauperis application on the form provided with this order; failure to comply
22 /////

---

24  ³ The court dismissed "plaintiff's broad-sweeping, largely tenuous, and occasionally incoherent allegations" against eighteen defendants.  See Order filed Sept. 7, 2006, at 3.
25 Plaintiff's first amended complaint was dismissed for failure to cure the defects of the original complaint.  Id.  Defendants' motion to strike the second amended complaint has been granted,
26 and plaintiff has received an extension of time to file a third amended complaint.  Id. at 4.

with this order will result in a recommendation that this action be dismissed for failure to comply with court orders and applicable statutes;

       3. Plaintiff's complaint is dismissed with leave to amend;

       4. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and this order; plaintiff's amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

       5. Plaintiff's December 29, 2005 request for temporary restraining order or preliminary injunction is denied; and

       6. The Clerk of the Court shall provide plaintiff with a copy of the in forma pauperis application form to be used by a person who is not a prisoner.

DATED: November 13, 2006.

                                              _____
                                              DALE A. DROZD
                                              UNITED STATES MAGISTRATE JUDGE

DAD:13
wolf2638.14ifp